UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**John Ashcroft**, Attorney General of the United States; **Bureau of Prisons** (BOP); Monica Wetzel, Warden-BOP; **Immigration Naturalization Service** (INS); Doris Meissner, Commissioner-INS; Fred Alexander, District Director-INS; Juan Campos, Asst. District Director-INS,

        Respondents,

-vs-

**ALBERTO SOLER**, and all others "prisoners" similar situated,

        Petitioner[s].
_____/

Case No. (To be assigned)

02-61747
CIV-MARRA

MAGISTRATE JUDGE
SORRENTINO

INJUNCTIVE RELIEF AND CLASS
CERTIFICATION REQUESTED



**WRIT OF HABEAS CORPUS AND A PETITION
UNDER THE ADMINISTRATIVE PROCEDURE ACT**

    Petitioner **Alberto Soler**, in proper person and pursuant to **28 USC §2241** and **5 USC §553**, hereby files this petition requesting **injunctive relief** and **class certification** due to **(1)** defendants infringements upon petitioner's substantive and procedural Due Process and Equal Protection Rights under the **Fifth** and Freedom Against Cruel and Unusual Punishment under the **Eighth** Amendments to the U.S. Constitution, by defendants **discriminating** on the basis of [race or national origin], and by acting arbitrary, capricious and manifestly contrary to a statute when restricting petitioner's "protected class" from the [sentencing shortening device] of **18 USC §3621(e)(2)(B)**, or due to **(2)** that §3621(e)(2)(B) is **unconstitutional** for the exclusion of a protected class.

cat / div. ___BROWARD___
Case # ___0:02CV61747___
Judge ___KAM___ Mag. ___CHS___
Motn Ifp ___No___ Recpt# ___No___

1

**STATEMENT OF THE CASE AND FACTS**

1. Petitioner at the age of (5) years old, arrived from Cuba with his parents on July 03, 1969.

2. Petitioner became a Legal Permanent Resident (LPR) # A18-754-610, in 1971. Petitioner's family members are all U.S citizens.

3. In 1990, petitioner was convicted for a drug offense in the State of Florida. On or about 1991, the Immigration Naturalization Service (hereinafter INS) commenced deportation proceedings due to petitioner's drug offense.

4. On or about 1992, a Immigration Judge ordered petitioner deported/removable to Cuba. The Board of Immigration Appeals affirmed the ruling in 1992. Between 1993-95, the 11th Circuit Court of Appeal denied review due to petitioner failure to pay the docket fees.

5. On or about Oct. 1995, while in confined in state prison, petitioner requested and was released under a order of supervision by the INS. Petitioner was released from state prison Feb. 1997.

6. Petitioner is presently confined in a Federal Detention Center, SOUTHERN Dist. of Florida.

7. On or about March, 2001, while confined in the federal setting, petitioner successfully completed a 40-hr substance abuse program for eligibility on admission to the Bureau of Prisons(hereinafter BOP), 500-hr course pursuant to 18 USC §3621(e).

8. On Oct. 08, 2002, petitioner was convicted in his federal case. **00-1018-JORDAN**

9. BOP officials advised petitioner that although he is eligible for the substance abuse residential program under §3621(e)[1], he will still not be eligible for consideration on the (1) year sentence reduction under 18 USC §3621(e)(2)(B)[2], unless he his U.S citizen.[3]

This writ of habeas corpus and a petition under the "APA" now follows:

II

JURISDICTION

10. This writ under 28 USC §2241 is being filed pursuant to jurisdiction on the basis of petitioner's current confinement by respondent (BOP), claiming adverse treatment of 18 USC §3621(e).[4] Also due to petitioner order of removal from respondent (INS), claiming review of "purely legal statutory and constitutional claims".[5] The petition under 5 USC §553 "APA", is being filed due to a Agency respondent (BOP) failure, if any, to comply with a "formal adjudication and notice" when implementing its regulations and program statement.[6]

---

[1] Codified in 28 CFR 550.56

[2] Codified in 28 CFR 550.58

[3] Due to petitioner's Cuban citizenship, there is a unexecuted warrant of removal, thus post-removal-period detention will be unlikely. Zadvydas v. Davis, 533 US 678 (2001)

[4] Byrd v. Hasty, 142 F.3d 1395(11th Cir. 1998); Hunnicutt v. Hawk, 229 F.3d 997 (10th Cir. 2000); Grove v. BOP, 245 F.3d 743 (8th Cir. 2001); Cunnibgham v. Scibana, 259 F.3d 303 (4th Cir. 2001); Gunderson v. Hood, 268 F.3d 1149 (9th Cir. 2001)

[5] **INS v. St. Cyr, 533 US 289 (2001)**

[6] Grier v. Hood, 46 Fed Appx. 433 (9th Cir. 2002)

III

**CONSTITUTIONAL DEPRIVATIONS**

11. The petitioner and his protected class are being deprived of their rights to substantive and procedural Due Process, Equal Protection Rights[7] and Freedom against Cruel and Unusual Punishment under the 5th and 8th Amendments to **U.S** Constitution.[8]

A

**WHEREBY RESPONDENTS ARE DISCRIMINATING AGAINST PETITIONER AND HIS PROTECTED CLASS AND ARE ABUSING THEIR DISCRETION BY RESTRICTING THE APPLICATION OF 18 USC §3621(e) ON THE BASIS OF RACE OR NATIONAL ORIGIN AND BY LIMITING THE INTERPRETATION OF §3621(e) IN 28 C.F.R § 550.58 CONTRARY TO CONGRESSIONAL INTENT, THEREBY PREVENTING PETITIONER AND HIS PROTECTED CLASS FROM CONSIDERATION OF THE [SENTENCING SHORTENING DEVICE] UNDER §3621(e)(2)(B).** Thus, §3621(e) is unconstitutional as applied to petitioner and his protected class[9] and arbitrary, irritational, capricious and manifestly contrary to the statute as interpreted in C.F.R § 550.58[10]

---

[7] Yick Wo v. Hopkins, 118 US 356 (1886).

[8] Bolling v. Sharpe, 347 US 497 (1954).

[9] City of Cleburne v. Cleburne Living Ctr. Inc., 473 US 432, 440 (1985).

[10] Chevron U.S.A Inc. v. Natural Resources, 467 US 837 (1984).

B

Assuming respondents' application and interpretation is not contrary to or exceeded the scope of the statute **then 18 USC §3621(e)(2)(B)** is **unconstitutional** for the exclusion of a "protected class" and for its vagueness.

C

Assuming respondents' interpretation of §3621(e)(2)(B) is not contrary to law nor unconstitutional for the exclusion of a protected class, respondents nonetheless exceeded their authority when limiting the statute application to only U.S citizens w/o promulgating a interim regulation and program statement on adequate notice and public comment under the "APA".[11]

Relevant Statutory Language

§3621.  Imprisonment of a convicted person:

 (e) Substance abuse treatment.-

 (2) Incentive for prisoners' successful completion of treatment program.-

 (B) Period of custody.-

> The period a [prisoner] convicted of nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the BOP, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 USC §3621(e)(2)(B)    (2000)

---

[11]   5 USC 553, Administration Procedure Act.

<u>Relevant Federal Code</u>
<u>of Regulation</u>

§5110.58   Consideration for early release:

(a) Additional early release criteria. (1) As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are <u>not</u> eligible for early release;

(i) **INS** detainees;

(v) Inmates who are not eligible for participation in community-based program as determined by the Warden on the basis of his or her professional discretion;

28 CFR Ch. V (7-1-00 Edition)

12. [Summary of the Arguments]:

(A) Petitioner a Cuban national and all other "prisoners" not being U.S. citizen, are being deprived of Due Process and Equal Protection Rights under the 5th Amendment and are being inflicted cruel punishment under the 8th Amendment by respondents intentionally restricting the scope of §3621(e)(2)(B) on the basis of national origin.[12] Also, respondents acted unreasonable and contrary to Congressional intent by ignoring the clear, plain and unambigous language set forth in §3621(e)(2)(B), when limiting the interpretation of the word "prisoner" to mean [only] U.S citizen prisoners, thus, abusing their discretion in a arbitrary and capricious manner.[13]

(B) 18 USC §3621(e)(2)(B) is unconstitutional for the exclusion of non-U.S citizen prisoners and for its vagueness on the definition of prisoner.

---

[12] <u>Cleburne</u>, supra.

[13] <u>Lyons v. Georgia Pacific</u>, 221 F.3d 1235, 1244 (11th Cir. 2000), citing <u>Chevron</u>,supra.

**(C)** Respondents lacked authority to restrict and limit the [sentencing shortening device] of §3621(e)(2)(B) to only U.S citizen prisoner w/o promulgating a interim regulation and program statement on notice and comment.[14]

## IV

### ALLEGATIONS

**13.** For the purpose of the present allegations and on the standing criteria, petitioner and his protected class are federal prisoners convicted of a federal crime and in custody serving a sentence or will be sentence to a term of imprisonment.[15] Petitioner and his protected class are those prisoners who have a substance abuse problem and who are consider "eligible prisoner" for the residential drug treatment under §3621(e), codified in 28 C.F.R § 550.56. And most important, petitioner and his protected class are also those prisoners that fit within respondents' (BOP) criteria under §3621(e)(2)(B), codified in § 550.58, convicted of a nonviolent offense.[16]

<u>Merits</u>

**A.** Respondents are discriminating and abusing their discretion contrary to the Congressional intent of 18 USC §3621(e)(2)(B):

In **Chervon** the Supreme Court established the analytical framework for judicial review

---

[14] Grassi, 251 F.3d 1218, 1221 n.1; <u>Grier v. Hood</u>, supra.

[15] 18 USC §3621(a)-(d).

[16] In a note to avoid confusion, petitioner is not alleging any claims similar to Lopez v. Davis, 531 US 230 (2001). Petitioner claims are far from those argued in Lopez. Lopez entertained the ambiguous term "nonviolent offense of §3621(e)(2)(B). Petitioner here is claiming the unambiguous term "a prisoner" and Congress clear intent meaning.

-7-

of the Administrative agency's interpretation of a statute.[17] In this case, its respondents (BOP) interpretation of 18 USC §3621(e)(2)(B). There's no need to accept respondents interpretation of the statute if the intent from Congress is clear in the statute making the statute unambiguous, then the intent controls, and the inquiry is over.[18] If, however, its determine that the statute is ambiguous, the question becomes whether repondents resolution of the ambiquity is based on permissible construction of the statute.[19] There will be no need to visit the second question here.

Turning to the first question under Chervon, when interpreting a statute one must begin with the plain meaning of the statute.[20] It begins and often should end, with the language of the statute inself.[21] The critical word here is "prisoner" as outlined in the phrase [a prisoner convicted of a nonviolent offense] of §3621(e)(2)(B). Although the term "nonviolent' as been determined to be ambiguous as mention by Congress in §3621(e), the term "a prisoner" as not and can never be determined as such.

In the context of this statutory language, respondents are interpreting the term "a prisoner" to mean only U.S citizen prisoners by excluding its reach to other prisoners of different nationality, thus, depriving petitioner and his protected class form consideration or (1) year sentence reduction under §3621(e)(2)(B).

---

[17]
    Bank of America, N.A. v. F.D.I.C, 244 F.3d 1309, 1314 (11th Cir. 2001).

[18]
    Chervon, 467 US 837, at 842-43; FDA v. Brown & Williamson Tabacco Corp, 529 US 120 (2000)

[19]
    "First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter, for the court as well as the agency" Chervon, 467 US at 843.

[20]
    Bellsouth Tele Inc. v. Town Of Palm Beach, 252 F.3d 1169 (11th Cir. 2001).

[21]
    U.S v. Kloess, 251 F.3d 941 (11th Cir. 2001).

Such observations by respondents are erroneous.

There's nothing ambiguous about the word "prisoner" or the term "a prisoner" then to mean anything else but what it is, <u>all</u> federal inmates serving a federal sentence.

The definition of prisoner is founded at 18 USC §3626[22], which states the following:

> <u>any</u> person subject to incarceration, detention, or admission to any facility, who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law..................

18 USC §3626(g)(3)  (2000)[23]

There's no doubt that petitioner is a person defined as prisoner. By defining prisoner to mean [any person], Congress imposed no limitations on its broad meaning.[24] Even if the word prisoner lacked definition by Congress, their ordinary or natural meaning still applies.[25]  Is that clear.[26]

---

[22]   Reference by the Title: Appropriate remedies with respect to prison conditions.

[23]   Also defined in Harris v. Garnder, 216 F.3d 970 at 973 n.2 (11th Cir. 2000) en banc.

[24]   "Court must presume that a legislature says in a statute what it means and means in a statute what it says there" <u>Kloess</u>, 251 F.3d 941, at 944, citing Connecticut Nat'l Bank v. Germain, 503 US 249, 253-54 (1992).

[25]   U.S v. Zheng, 306 F.3d 1080 (11th Cir. 2002).

[26]   "We assume that Congress used the words in a statute as they are commonly and ordinarily understand, and if the statute language is clear, no further inquiry is appropriate." Federal Reserve Bank of Atlantic v. Thomas, 220 F.3d 1235, 1239 (11 Cir. 2000). <u>Harris</u>, 216 F.3d 970 at 976.

Nonetheless, respondents does not have authority to define the term "a prisoner" when Congress has already given it life under §3626(g)(3), thus, making it a ambiguous provision of §3621(e). Respondents can not do what is not told to do, especially when it has already been done.[27]

There's more evidence that shows Congress intentions when enacting §3621(e)(2)(B) was to apply its full scope to all prisoners not just U.S. citizen prisoners, and with clear language that restriction and limitations should not be inferred.[28] For instance, in the provisions of chapter §3621(e), Congress makes reference to the term eligible prisoner and defines it has follows:

> a prisoner who is.-
>
> (i) determined by the BOP to have a substance abuse problem and
>
> (ii) willing to participate in the residential program.

18 USC §3621(e)(5)(B).[29]

The reference to "eligible prisoner" means that for a prisoner (any prisoner) to be admitted into the residential drug treatment under §3621(e), the prisoner must have a substance abuse problem.[30] Congress did not defined "eligible prisoner" to mean those who

---

[27] This is not the case when Congress has provided an expressed delegation of authority to respondents to elucidate a specific provision of the statute by regulation. Chervon, 467 US at 843-44. "Where.....Congress enacts an ambiguous provision within a statute entrusted to the agency expertise it has implicity delegated to the agency to fill those gaps" U.S v. Mead Corp., 533 US 218, 226-27 (2000).

[28] "It is the duty of the courts to interpret statutory language, and the courts should decide whether is ambiguity in a statute w/o regard to an agency's prior, or current, interpretation" Bank of America, 244 F.3d 1309 at 1319.

[29] Made reference to in §3621(e)(i)(A),(B), and (C) and §3621(e)(3)(B).

[30] Petitioner and his protected class are those eligible prisoner having a substance abuse problem.

are to be consider for the (1) year sentence reduction under §3621(e)(2)(B) nor did Congress used the term within §3621(e)(2)(B) phrase of " a prisoner convicted of a nonviolent offense".[31] Surely, when Congress omitted the term "eligible prisoner" from §3621(e)(2)(B) and made reference to it in other sections of the chapter and even gave it a meaning, its silence in §3621(e)(2)(B) becomes obvious.[32]

Congress also made reference to other terms involving the word prisoner in the chapter. There's the term "each prisoner" in §3621(b)(5), "every prisoner" in §3621(e)(1) and " any prisoner" in §3621(e)(2)(A). What does this tell?[33] When Congress used the words _every_, _any_, and probably also the word _each_ in the term with "prisoner", Congress is speaking about [all] prisoners.[34] The exclusions of certain terms and words in §3621(e(2)(B) and the inclusions of the same words and terms in other sections of the statute, renders that Congress acted

---

[31] Congress could have easily added the word "eligible" to the term "a prisoner", making the phrase [a eligible prisoner convicted of a nonviolent offense], but they didn't. "Courts have no authority to alter statutory language... We cannot add to the terms of the provision what Congress left out" Merrit v. Dillard Paper Co., 120 F.3d 1181, 1187 (11th Cir. 1997). "The language of the statute is entirely clear; and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it" Conroy v. Aniskoff, 507 US 511, 528 (1993)(Scalia, J., concurring).

[32] "Where Congress knows how to say something but chooses not to, its silence is controlling" In re Griffith, 206 F.3d 1389 at 1394(11th Cir. 2000). "A term appearing in several places in a statutory text is generally read the same way each time it appears" Ratzlaf v. U.S, 510 US 135, 143 (1994).

[33] " A basic principal of statutory construction is that a statute should not be construed to such a way as to render certain provision superfluous or insignificant" Bouchard v. Transp. Co., v. Updegraff, 147 F.3d 1344, 1351 (11th Cir. 1998); "Courts should disfavor interpretation of statute that render language superfluous" Conneticut, 503 US at 253.

[34] "Read naturally, the word 'any has an expansive meaning, that is, 'one or some indiscriminately of whatever kind" U.S v. Gonzales, 520 US 1, 5 (1197). "The adjective 'any' is not ambiguous; it has a well-established meaning". "Any means all" Merritt, 120 F.3d 1181 at 1186, quoting Gonzales, 520 US at 5. "Concluding than "any" meant "every" or "all" U.S v. Castro, 837 F.2d 441, 445 (11th Cir. 1990).

intentionally and purposely.[35]

The inquiry is now over.[36] There's nothing ambiguous about when Congress enacted §3621(e) and made reference to the term "a prisoner" in the phrase [a prisoner convicted of a nonviolent offense] of §3621(e)(2)(B). Congress inclusion of this term mandated that it applied to all prisoners not just U.S citizen prisoners serving a federal sentence. Congress purposely omitted any restrictions and limitations on who is consider a prisoner for the [sentencing shortening device] of §3621(e)(2)(B), their intentions were clear.[37]

Thus, Congress has directly spoken to the precise question at issue[38] — **Treat all prisoners alike.**[39]

Furthermore, respondent's regulation interpreting §3621(e)(2)(B) is also unambiguous. Under **28 C.F.R § 550.58(1)** the only non-U.S citizen prisoners not entitled to the (1) year sentence reduction of §3621(e)(2)(B) are **INS** detainees. Of course, it will be logical to

---

35
"Where Congress included particular language in one section of the same act and omits it in other sections of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion and exclusions" Rusello v. U.S, 464 US 16, 23 (1983) quoting U.S v. Luong Kim Bo, 472 F.2d, 722 (5th Cir. 1972).

36
"Where there's no ambiguity in the words, there's no room for construction" Gonzales, 520 US at 8.

37
"Under Chervon, the opposite of "ambiguity is not resolvability but clarity" Justice Antonin Scalia, Judicial Deference Interpretation of law, 1989 Duke, L.J. 511, 520.

38
Chervon, 467 US at 842.

39
**Cleburne**, supra; Respondents do not restrict or limit non-U.S citizen prisoners other "sentencing shortening devices" implemented by Congress in 18 USC §3621. There's §3624 (a), which gives all prisoners the benefit of being released on the day before a weekend or holiday, and there's §3624(b), which gives all prisoners a credit of 54-days for every year served. There's also 18 USC §3582(c)(1) and (2).

assume that INS detainees cannot receive such reward because there's no sentence to reduce in the first place.[40] INS detainees are federal prisoners but they are not serving a federal sentence.[41] They are in the custody of the federal prisons until removal proceedings are initiated or concluded or until their national country of origin accepts them to return after a order of removal from INS.[42] They are not federal prisoners serving a sentence, its clear.[43]

Respondents are acting irrational by interpreting "INS detainees" to mean Non-U.S citizen prisoners serving a federal sentence with a INS [detainer] placed for future removal proceedings by the INS.[44] This reading by the respondents its not only plainly inconsistent with the wording of the regulation, but also would undermine Congress clear directive that §3621(e)(2)(B) applies to all prisoners, no matter their nationality, serving a federal sentence.[45]

Clearly, respondents interpretation of its own regulation is erroneous and inconsistent with the plain terms of its definition.[46] Although INS detainees are not U.S citizen prisoners

---

[40]
    Zadvydas, supra.

[41]
    Zadvydas, supra.

[42]
    Zadvydas, supra.

[43]
    They did once served a federal sentence which was what led to the immigration proceedings and detention in a federal setting. Zadvydas, supra.

[44]
    Zadvydas, supra.

[45]
    An agency interpretation of its own regulation is reviewed with substantial deference, Thomas Jefferson Univ. v. Shalala, 512 US 504 (1994), unless the language of the regulation is ambiguous. Christensen v. Harris County, 529 US 576 (2000). Thus, an agency interpretation will prevail unless is plainly erroneous or unconsistent with the plain terms of the disputed regulation. Auer v. Robins, 519 US 452 (1997).

[46]
    "Were courts to presume a delegation of power absent an express withhold of such power, agencies would enjoy virtually limitless hegemony, a result plainly out of keeping with Chervon and quite like with the Constitutional as well" Labor Executives v. Nat'l Mediation Bd, 29 F.ed 655, 671 (D.C Cir. 1994).

they still cannot fit into the plain meaning of "prisoner" as set forth by Congress in §3621(g)(3), simply because they are not serving a federal sentence. The respondents have stepped over their boundaries.[47]

In this case, the statute and regulation are unambiguous. Respondents are unquestionably violating Congress mandate and its own regulation, rendering obvious their intentional treatment of petitioner and his protected class different from other similiar situated.[48]

Assuming arguendo, that the statute is ambiguous and Congress has not spoken directly on the precise question, then the Chervon second question of substantial deference to the interpretation of the statute applies. The question is whether respondents interpretation of §3621(e)(2)(B) is based on a permissible construction on the statute.[49] Thus, respondents regulation will be given deference, unless arbitrary, capricious or manifestly contrary to the statute.[50] Further, and most important, such deference is only applicable unless the legislative history of the enactment on a statute shows with sufficient clarity that the respondents construction is contrary to the will of Congress.[51] Respondents are also given

---

[47] Allowing respondents to interpret §550.58(i), an entirely unambiguous regulation, as it suggest, "would be to permit respondents, under the guise of interpreting a regulation to create de facto a new regulation. Christensen, 529 US at 584.

[48] Petitioner also claims cruel punishment under the 8th Amendment if he has to serve a longer sentence than require under Equal Protection.

[49] Chervon, 467 US 837, at 842-43.

[50] Chervon, 467 US at 844; Mead Corp., 533 US 218, at 226-27.

[51] Japan Whaling Ass'n v. Am. Cetacean, 476 US 221, 233 (1986).

some restrictions.[52]

There's a probability that the respondents are exercising regulation **28 C.F.R § 550.58(v)** to deprive petitioner and his protected class from §3621(e)(2)(B). Although §550.58(v) does not outline any words or terms excluding non-U.S. citizen prisoners from the benefits of §3621(e)(2)(B), it is the policy of the respondents (BOP) that prisoner with a INS detainer (non-US prisoners) are not eligible for the community based program.

It looks like respondents are depriving petitioner and his protected class equal protection **w/o** knowing they're doing so.

In any event, respondents are not only abusing their discretion, their regulation is contrary to §3621(e)(2)(B) and the will of Congress. Not only did Congress enacted §3621(e) plainly and clearly on the term "a prisoner" in the phrase [a prisoner convicted of a non-violent offense] in §3621(e)(2)(B), Congress <u>never</u> even gave notice or language anywhere in §3621(e) on restrictions or limitations that for consideration of the "sentencing shortening device" in §3621(e)(2)(B) a prisoner must first be eligible for the community based programs.[53] In fact, Congress enacted a different and separate statute just for that purpose.[54] Had Congress wanted such requirements they would have said so, but they didn't.[55]

---

[52] "Ambiguity anywhere in the statute is not a license to the administrative agency that interprets the statute to roam about that statute looking at other provisions to narrow or expand through the process of definition." "Agency delegated authority to interpret an ambiguous term in a statute which it administers extends only to the specific matter covered by the ambiguous term." Robinson v. Shell, 519 US 337, 340 (1997).

[53] "Where a statute and an agency regulation regarding the same matter conflict, court must defer to the statute." K.Mart Corp., v. Cartier Inc, 486 US 281, 291 (1988).

[54] 18 USC §3624(c) (2000).

[55] A perfect example is Congress inclusion and exclusion of the term "eligible prisoner" from §3621(e) to §3621(e)(2)(B); See also, <u>Conroy</u>, 507 US at 528, Justice Scalia, concurring.

Although respondents has these two tangling, Congress clearly didn't wanted them to meet.[56]

Furthermore, respondents are acting irrational, arbitrary, and capricious. Congress enacted other separate "sentencing shortening devices" under §3624(a) and (b).[57] Respondents are not restricting these rewards because prisoners are not eligible for the community based programs. Clearly, respondents cannot make up their minds.[58]

In re-reviewing, not only are respondents interpretations of §3621(e)(2)(B) a unpermissible construction of the statute[59] and contrary to the will and intent of Congress,[60] but they are also unaware that their discrestion is being exercised in a unconstitutional manner.[61]

---

[56]  Respondents interpretation would not be entitled to deference if it represents a sharp break with prior interpretation of the statute in question. Rust v. Sullivan, 500 US 173, 186-87 (1991).

[57]  infra. n.39

[58]  "The task to decide is not whether the regulation represents the best interpretation of the statute, but whether it represent a reasonable one" Atlantic Mut. Ins, Co., v. Comm'v., 523 US 382, 389 (1998); Rust, supra.

[59]  Chervon, supra; "Has relied on factors which Congress has not intented if to consider, entirely failed to consider an important aspect of the problem" Mead, 533 US at 226-227.

[60]  Japan Whaling Ass'n, supra.

[61]  **Cleburne**, supra; Holding a federal statute unconstitutional is not a rare occurrence in this area of the country. Just recently in Alabama Power Co., v. Dept. of Energy, 307 F.3d 1300 (11th Cir. 2002), the Court under the Chervon doctrine helded 42 USC §10222(a)(4) unconstitutional. Alabama, 307 F.3d at 1312-16.

**B.**  UnConstitutionality of 18 USC §3621(e)(2)(B) and 28 C.F.R § 550.58(v)?

Assuming that §3621(e) is tailored to restrict or limit petitioner and his protected class from the [sentencing shortening device] of §3621(e)(2)(B) in which respondents are interpreting correcting that such exclusion applies under § 550.58(v),[62] Petitioner then claims that both §3621(e)(2)(B) and § 550.58(v) are **unconstitutional** voided for facially, as-applied, vagueness and for violating the Equal Protection.[63]

**C.**  Was public notice and comment given under "APA"?

Petitioner is aware at this stage of the litigation if there's meritorious issues under 5 USC §553. He doesn't know if respondents as complied with the notice and comment procedures when implementing 28 C.F.R § 550.54(i) and § 550.58(v) and any program statement involving its definition.[64]  Thus, and until later expansion of the record, petitioner will withhold arguments.

V

**CLASS CERTIFICATION**

**14.**  In the interest of fairness and justice, petitioner moves for class certification under F.R.C.P (23)[65] and appointment of counsel under F.R.C.P 23(g).

---

[62] "Exhaustion" not required when claiming a unconstitutional regulation. Howard v. F.A.A 17 F.3d 1213, 1218 (9th Cir. 1994).

[63] "Statutes that infringe fundamental rights, or that make distinctions based upon suspect classification such as race or national origin, are subject to strict scrutiny, which requires that statute be narrowly tailored to achieve a compelling government interest" Williams v. Pryor, 240 F.ed 944 (11th Cir. 2001)

[64]  Grier v. Hood, supra.

[65]  General Telephone v. Falcon, 457 US 147 (1982)

## VI

### RELIEF REQUESTED

15. Petitioner respectfully requests that this Court grants injunctive relief by ordering respondents to apply the full scope of the [sentencing shortening device] of §3621(e)(2)(B) to <u>all</u> prisoners, no matter their nationality, serving a federal sentence.[66]

## VII

### CONCLUSION

16. Wherefore, Petitioner respectfully requests that this Court grants the relief requested herein or any other relief it deems just a reasonable.

Respectfully Submitted,

ALBERTO SOLER PRO SE
#66584-004 FDC-Miami
PO BOX 019120
Miami, Fl. 33101-9120

## VIII

### FORMA PAUPERIS

17. Pursuant to 28 USC §1915, petitioner hereby moves to proceed in forma pauperis status in this habeas petition under §2241.

Filed this 3rd day of December, 2002.

---

[66] These prisoners are those eligible under respondents criteria "convicted of a nonviolent offense" and are those prisoners consider "eligible prisoners" under §3621(e)(5)(B).